Barry I. Slotnick (BS-9796)
Jonathan N. Strauss (JS-1090)
Frank D. D'Angelo (FD-0911)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-1895
212-407-4000

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- X
ROBERT FLETCHER and ANGT, LLC,            :
                                          :
               Plaintiffs,                         :
                                          :
               -against-                           :   Case No. _____
                                          :
NATIONAL BROADCASTING COMPANY,            :
TODD DURKIN, SYLVESTER STALLONE,          :   **NOTICE OF REMOVAL**
DAVID BROOME, and 25/7                    :
PRODUCTIONS, LLC,                         :
                                          :
               Defendants.                         :
------------------------------------------------------- X

      **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331 and 1441, *et seq.*, Defendants NBCUniversal Media, LLC (incorrectly sued herein as "National Broadcasting Company"), Todd Durkin ("Durkin"), David Broome ("Broome"), and 25/7 Productions, LLC ("25/7") (collectively, "Defendants") hereby give notice of removal and remove the action described below from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

**I.     INTRODUCTION**

      1.    On or about June 10, 2016, Plaintiffs Robert Fletcher ("Fletcher") and ANGT, LLC (collectively, "Plaintiffs") filed a civil action in the Supreme Court of the State of New York, County of New York, entitled *Robert Fletcher et al. v. National Broadcasting Company et*

*al.*, Index No. 154902/2016 (the "State Court Action").  A copy of the Summons and Complaint are attached hereto as **Exhibit 1**.

2. On or about June 22, 2016, Plaintiffs filed an Affidavit of Service in the State Court Action purporting to evidence that Durkin had been served with a copy of the Summons and Complaint on June 14, 2016.  A copy of that Affidavit of Service is attached hereto as **Exhibit 2**.

3. On or about June 16, 2016, the Summons and Complaint were delivered to, and purportedly served upon, NBCUniversal Media, LLC.  Plaintiffs have not filed an Affidavit of Service for this corporate entity.  (On or about June 24, 2016, Plaintiffs filed a document to the docket in the State Court Action titled "Affidavit of Service – NBC," but appear to have mistakenly re-filed the Affidavit of Service corresponding to Durkin.  A true and correct copy of the document filed to the docket on June 24 is attached hereto as **Exhibit 3**.)

4. The undersigned have agreed to accept service of process on behalf of Broome and 25/7.  The undersigned are unaware of Defendant Sylvester Stallone having been served with a copy of the Summons and Complaint.

5. In their Complaint, Plaintiffs allege that Defendants have engaged in "idea theft" purportedly by taking Fletcher's idea for a television reality show and profiting from it. Plaintiffs allege that in or about 2009, Fletcher started creating and developing a concept for a reality show competition in which, among other things, personal trainers and trainees would compete against one another for cash prizes and the title of "America's Next Great Trainer."  *See* Ex. 1, ¶¶ 17-18.  Fletcher claims that ANGT, LLC is a part owner of the purported "trademark" to "America's Next Great Trainer" by virtue of assignment from Fletcher.  *See id.* ¶ 1.

6. Plaintiffs allege that they sent materials reflecting their reality show concept to various defendants, and that Defendants misappropriated Fletcher's idea in developing, producing, and broadcasting the hit reality television show "Strong," which, according to Plaintiffs, debuted on the NBC television network in April 2016, and for which Broome and 25/7 are the creators, 25/7 is its producer, Stallone is its executive producer, and on which Durkin is featured. *See id.* ¶¶ 28-30, 38-50.

7. Plaintiffs further allege that Fletcher introduced this reality show idea to Durkin, a well-known personal trainer, and entered into a "Non-Circumvention, Non-Disclosure and Confidentiality Agreement" with Durkin that purportedly prohibited Durkin from sharing certain information about the reality show idea and from "circumventing" or "competing" with Fletcher's "interests." *See id.* ¶¶ 31-35.

8. Based upon these allegations, Plaintiffs purport to assert the following causes of action: (1) as against Durkin, breach of contract; (2) as against "National Broadcasting Company," "wrongful inducement of a breach of contract"; (3) as against Stallone, Broome, and 25/7, tortious interference with contractual relations; and, as against all Defendants, (4) unfair competition, (5) misappropriation, and (6) *prima facie* tort. *See id.* ¶¶ 55-78.

9. No defendant has yet entered an appearance or filed a responsive pleading or other papers in the State Court Action.

10. As explained below, this Court has two bases for asserting subject matter jurisdiction over this case: (a) federal question jurisdiction pursuant to the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*; and (b) diversity jurisdiction. *See* 28 U.S.C. §§ 1331 & 1332.

## II. THE COURT HAS FEDERAL QUESTION JURISDICTION PURSUANT TO THE COPYRIGHT ACT

11. Removal of the State Court Action to this Court is proper under 28 U.S.C. § 1441(a) insofar as the State Court Action is a civil action over which this Court has original jurisdiction founded upon a claim or right "arising under" the laws of the United States, within the meaning of 28 U.S.C. § 1331.

12. When federal law "completely preempts" an area of state law, a claim purporting to assert a right based upon that state law is considered a claim "arising under" federal law and may be removed to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

13. The complete preemption doctrine extends to any "federal statute that both preempts state law and substitutes a federal remedy for that law, thereby creating an exclusive federal cause of action." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004). The Copyright Act, which "lays out the elements, statute of limitations, and remedies for copyright infringement," is one such federal statute. *Id.* Accordingly, "the district courts have jurisdiction over state law claims preempted by the Copyright Act." *Id.*; *accord GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 705-06 (5th Cir. 2012); *Ritchie v. Williams*, 395 F.3d 283, 285 (6th Cir. 2005); *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 232-33 (4th Cir. 1993).

14. A state law cause of action is preempted by the Copyright Act where "(1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103, and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. § 106." *Briarpatch*, 373 F.3d at 305 (citing 17 U.S.C. § 301(a));

4

*see Rodriguez v. Heidi Klum Co.*, No. 05 Civ. 10218 (LAP), 2008 U.S. Dist. LEXIS 80805, at *22-23 (S.D.N.Y. Sept. 30, 2008).

15.     At the very least, Plaintiffs' unfair competition and misappropriation causes of action, both of which are "grounded solely in the copying of a plaintiff's [purportedly] protected expression," are completely preempted by the Copyright Act. *Computer Assocs. Int'l v. Altai*, 982 F.2d 693, 717 (2d Cir. 1992); *see, e.g., Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 851 (2d Cir. 1997) (holding New York state misappropriation claim preempted by Copyright Act); *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986) (holding New York state unfair competition claim preempted by Copyright Act); *Alexander v. Murdoch*, No. 10 Civ. 5613 (PAC) (JCF), 2011 U.S. Dist. LEXIS 79543, at *54-56 (S.D.N.Y. May 27, 2011) (idea misappropriation state-law tort claim stemming from television treatment held preempted by Copyright Act), *report and recommendation adopted*, 2011 U.S. Dist. LEXIS 79503 (S.D.N.Y. July 14, 2011); *Rodriguez*, 2008 U.S. Dist. LEXIS 80805, at *23 ("[T]he Court of Appeals has explicitly ruled that that New York misappropriation, unfair competition and unjust enrichment claims are fundamentally similar to copyright infringement claims and thus are preempted by the Copyright Act."). Accordingly, removal for federal question jurisdiction is warranted.

### III.    THE COURT HAS DIVERSITY JURISDICTION

16.     Removal of the State Court Action to this Court is also proper under 28 U.S.C. § 1441(a) insofar as the State Court Action is a civil action over which this Court has original jurisdiction because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and [the action] is between . . . Citizens of different States." 28 U.S.C. § 1332(a).

17. In connection with each of their causes of action, Plaintiffs seek "monetary damages" in the amount of $2 million and "punitive damages" in the amount of $5 million (and also seek injunctive relief with respect to certain of their claims). *See* Ex. 1, at pp. 15-16. The matter-in-controversy threshold is thus satisfied. *See* 28 U.S.C. § 1446(c)(2) ("the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy").

18. Furthermore, there is complete diversity of citizenship. Plaintiffs, by their own admission, are citizens of New York. *See* Ex. 1, ¶¶ 2-3. Plaintiffs allege that Durkin is a citizen of Florida, and appear to allege that Broome, 25/7, and Defendant Sylvester Stallone are citizens of California. *See id.* ¶¶ 6-7.[1]

19. Plaintiffs allege that "National Broadcasting Company" "at all relevant times is and was a corporation which maintains a principal place of business at 30 Rockefeller Center, New York, New York." *See id.* ¶ 5. As noted above, however, Plaintiffs have incorrectly named "National Broadcasting Company" as a Defendant in this action. No such corporate entity exists. *See* accompanying Declaration of Erik Bierbauer dated July 1, 2016 ("Bierbauer Decl.," attached hereto as **Exhibit 4**), ¶ 3.

20. National Broadcasting Company, Inc. was a predecessor to NBCUniversal Media, LLC. *Id.* Specifically, National Broadcasting Company, Inc. was renamed NBC Universal, Inc. in 2004. *Id.* In 2011, NBC Universal, Inc. was converted to NBC Universal Media, LLC, which subsequently was renamed NBCUniversal Media, LLC. *Id.*

---

[1] Plaintiffs do not allege a separate residence for Broome, stating only that, "Upon information and belief, Defendant, David Broome ('Broome'), at all relevant times herein, is and was an individual and the Chief Executive Officer of 25/7 Productions, LLC ('25/7'), a television production company with a principal place of business based in North Hollywood, California." *See* Ex. 1, ¶ 7.

6

21. NBCUniversal Media, LLC ("NBCUniversal") is a limited liability company organized under the laws of the state of Delaware with its principal place of business in New York. *Id.* ¶ 4. However, the state of organization and principal place of business of an LLC are irrelevant to the LLC's citizenship for purposes of diversity jurisdiction. That is because "for purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership." *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)); *see Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (defendant "is a limited liability company that takes the citizenship of each of its members"); *Johnson v. Smithkline Beecham Corp.*, 724 F.3d 337, 348 (3d Cir. 2013) (explaining that because an LLC "is not recognized as a legal person, courts should look to the citizenship of the people or corporations who comprise it to determine if diversity jurisdiction exists. The principal place of business of an unincorporated entity is therefore irrelevant to determining its citizenship. . . . In recognition of those principles, this and every other Circuit Court to face the question have held that the citizenship of a limited liability company is determined by the citizenship of each of its members.") (citation omitted).

22. By virtue of the citizenships of the corporations in its chain of membership, NBCUniversal is a citizen only of the state of Delaware and the commonwealth of Pennsylvania. *See* Bierbauer Decl. ¶¶ 5-14 (detailing NBCUniversal's corporate chain of ownership). It is not a citizen of New York. Accordingly, there is complete diversity of citizenship, warranting removal.

23. But even if NBCUniversal were a citizen of New York—which it is not—removal would still be warranted on the basis of fraudulent joinder, as Plaintiffs have named "National

Broadcasting Company" as a Defendant in this action solely in an attempt to defeat diversity jurisdiction. Pursuant to the fraudulent joinder doctrine, courts overlook the presence of a non-diverse defendant if "there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998); *see Briarpatch Ltd.*, 373 F.3d at 302; *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001).

24.     The only conceivable connection that NBCUniversal bears to this Action is that the television show "Strong" aired on the NBC television broadcast network. NBCUniversal has had no other involvement with, or relationship to, Plaintiffs—and Plaintiffs do not allege that it did. The Complaint makes clear that Plaintiffs are unable to state any cause of action as against NBCUniversal, and, indeed, have not done so.

25.     To plead their wrongful inducement of breach of contract claim against NBCUniversal under New York law, Plaintiffs were required to plead, among other things, that NBCUniversal had knowledge of a contract between Plaintiffs and Durkin and intentionally procured Durkin's breach that contract. *See Jones v. City Sch. Dist.*, 695 F. Supp. 2d 136, 148 (S.D.N.Y. 2010). Here, Plaintiffs have alleged only that "[i]n the course of its *due diligence* for Strong, NBC *would have learned* of Durkin's outstanding Confidentiality Agreement with Plaintiffs." *See* Ex. 1, ¶ 60 (emphasis added). This allegation is plainly insufficient. In fact, courts have firmly rejected precisely this kind of allegation at the pleading stage as the basis for a claim of tortious interference with contractual relations. *See Ferring B.V. v. Allergan, Inc.*, 4 F. Supp. 3d 612, 626 (S.D.N.Y. 2014) (rejecting plaintiff's "bare assertion that [defendant's] putative 'due diligence' and inspection of documents supports the conclusion that [defendant] 'knew' of Nardi's executive position at, and ongoing contractual obligations to, [defendant]");

8

*see also A A Test Tube Co. v. Sohne*, 20 A.D.2d 639, 639 (2d Dep't 1964) (dismissing allegations of tortious interference for improperly pleading that the defendant "'knew or should have known' of the particular contract in question"). Nor have Plaintiffs alleged that NBC *procured* any kind of contractual breach. All they have pleaded is that NBC purportedly "allowed Durkin to play a prominent role in Strong's development, production and execution." Ex. 1, ¶ 60. This too is plainly insufficient. *See Fillmore East BS Fin. Subsidiary LLC v. Capmark Bank*, 552 F. App'x 13, 19 (2d Cir. 2014).

26. Plaintiffs also cannot state causes of action against NBCUniversal for misappropriation and unfair competition. As noted in paragraph 15, *supra*, these claims are preempted by the Copyright Act. In any event, even if those claims were not preempted, Plaintiffs do not plead any facts that demonstrate misappropriation or unfair competition on the part of NBCUniversal. *See, e.g., Turner v. Temptu, Inc.*, 586 F. App'x 718, 722 (2d Cir. 2014) (idea misappropriation claim requires the existence of a "fiduciary relationship" between the parties); *Telecom Int'l Am., Ltd. v. AT&T Corp.*, 280 F.3d 175, 197 (2d Cir. 2001) (unfair competition claim requires that defendant obtained access to plaintiff's business idea "either through fraud or deception, or an abuse of a fiduciary or confidential relationship"). Far from pleading the existence of a "fiduciary relationship" with NBCUniversal, Plaintiffs do not allege *any* relationship with NBCUniversal, which did nothing other than air a television program. Indeed, while Plaintiffs allege that Fletcher "pitched" his idea and sent marketing "materials" to various entities, *see* Ex. 1, ¶¶ 30, nowhere do they allege that Fletcher pitched his idea to NBCUniversal.[2]

---

[2] Plaintiff alleges that he first contacted "NBC" only *after* learning that it "was going to air a show startlingly similar to" his "concept." *See* Ex. 1, ¶ 38.

27.     Finally, Plaintiffs have stated no cause of action against NBCUniversal for *prima facie* tort.  "New York courts have been very strict in holding that a cause of action for prima facie tort will not lie unless the actions complained of can be plausibly said to have been motivated solely by malice towards the plaintiff."  *McKenzie v. Dow Jones & Co.*, 355 F. App'x 533, 536 (2d Cir. 2009).  Plaintiffs have not alleged this, not even in conclusory fashion.  *See Twin Labs., Inc. v. Weider Health & Fitness*, 900 F.2d 566, 571 (2d Cir. 1990) ("We have held that motives other than disinterested malevolence, such as profit, self-interest, or business advantage will not suffice under the doctrine of prima facie tort.") (internal quotations omitted).[3]

28.     Plaintiffs' inclusion of "National Broadcasting Company" as a defendant to this action was a transparent attempt to avoid this Court's diversity jurisdiction and Defendants' right of removal.  Their Complaint makes clear that they can assert no cause of action as against NBCUniversal, and, accordingly, removal is warranted due to fraudulent joinder.

### IV.   THE REMAINING REQUIREMENTS FOR REMOVAL HAVE BEEN MET

29.     Removal to this Court and division is proper under 28 U.S.C. § 1446(a) insofar as the State Court Action was pending in New York Supreme Court, New York County.

30.     This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within thirty (30) days of alleged service of the Summons and Complaint upon the last-served Defendant, and all Defendants which have been properly served in this Action have consented to removal.  *See* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in or consent to the removal of the action"); *id.* § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading

---

[3] Plaintiffs' causes of action against NBCUniversal—and against the remaining Defendants—fail for multiple other reasons, and Defendants expressly reserve, and do not waive, their right to put forth all available legal arguments as against Plaintiffs at later stages of this Action.

10

or summons described in paragraph (1) to file the notice of removal."); *id.* § 1446(b)(2)(C) ("If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."); *see also Certain Underwriters at Lloyd's London v. Art Crating, Inc.*, No. 12-cv-5078 (NGG) (VMS), 2013 U.S. Dist. LEXIS 183306, at *7-8 n.3 (E.D.N.Y. Dec. 16, 2013) ("The removal statutes require consent of all defendants properly served.  Since Co-defendant Masterpiece was not served prior to removal, Art Crating did not need Masterpiece to consent to removal.").

31. Pursuant to 28 U.S.C. § 1446(d), concurrently with the filing of this Notice of Removal, Defendants are serving written notice hereof upon Plaintiffs and filing a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, New York County, from which the State Court Action was removed.

32. No other state-court papers have been served upon Defendants at the time of removal, and, accordingly, no other documents are attached hereto.

**WHEREFORE**, Defendants respectfully request that the State Court Action be removed to this Court and placed on the docket of this Court for further proceedings as though originally instituted in this Court.

Dated: New York, New York
July 5, 2016

                                LOEB & LOEB LLP

                                By: */s/ Jonathan N. Strauss*
                                    Barry I. Slotnick (BS-9796)
                                    Jonathan N. Strauss (JS-1090)
                                    Frank D. D'Angelo (FD-0911)
                                    345 Park Avenue
                                    New York, New York 10154-1895
                                    212-407-4000

                                    *Counsel for Defendants NBCUniversal Media, LLC, Todd Durkin, David Broome, and 25/7 Productions, LLC*

10089567.6
214376-10020